Stevie Wyre #1858012
Eastham Unit
2665 Prison Rd. #1
Lovelady, Texas 75851

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 21 2015

Abel Acosta. Clerk

December 11, 2015

Abel Acosta "Clerk"
Court of Criminal Appeals
P.O. Box 12308 Capitol Station
Austin, Texas 78711

RE: WR-83,236-03          Tr. Ct. 1364440-B

Dear Clerk,

Applicant is sending Memorandum of Law that support his Application writ 11.07 filed in this Court

Please find a copy of the General Traverse Reply and the Request for Leave to file a Motion for the Trial Court to Take Judicial Notice of Adjudicative facts, Rule 201 Texas Rule of Evidence, that was filed in November 2015.

"Enclosure"
(1) Memorandum of Law
(2) Copies of the Traverse Reply and Request for Leave to file a Motion for the Trial Court to Take Judicial Notice, that was Dated and filed in November 2015.

Sincerely,
Stevie Wyre #1858012
Stevie Wyre #1858012
12/11/15
CC/sw

Memorandum of Law in Support
of Application for writ of
Habeas Corpus Article 11.07
Cause No. WR-83,236-03

Stevie Wire

The State of Texas

NO. WR-83,236-03

## IN THE TEXAS
## Court of Criminal Appeals
## Austin, Texas

Ex parte

Stevie Wyre

179th Judicial District
Court of Harris County,
Texas
Cause No. 1364440-B

Memorandum of Law in Support
of Application for writ of Habeas Corpus
Seeking Relief from final felony Conviction, Art. 11.07

To The Honorable Judge of the Court of Criminal Appeals:

Now Comes, Stevie Wyre, Applicant and Submitts this Memorandum in Support of Application for writ of Habeas Corpus seeking relief from final felony Conviction under Article 11.07, Texas Code of Criminal Procedure and would show this Honorable Court the following:

## Jurisdiction

This Honorable Court has Jurisdiction over this, the parties and the extraordinary matter pursuant to Article 11.07 of the Texas Code of Criminal Procedure.

## Confinement and Restraint

Applicant was convicted of aggravated sexual assault in the case and sentenced to 25 years in prison in unlawfully Confined and restrained of his Liberty, by William Stephen, Acting in his Official Capacity as Director of the Texas Department of the Criminal Justice Correctional Institution Division (T.D.C.J.-ID) Eastham Unit, Aggravated Sexual Assault Case No. 1364440-B in the 179th Judicial District Court of Harris County Texas to Article 11.22 of the Texas Code Criminal Procedure.

1.

## Liberal Scrutiny

Applicant is a layman of the law, unskilled without experience in drafting of legal papers.

Therefore, Applicant is entitiled to a review that comes under a less stringent standard than those formal proceeding submitted by artful and skilled practioners of the law. Guidroz v. Lynaugh, 852 F. 2d 832-34 (5th Cir. 1998).

## Judicial Notice

Applicant pursuant to Texas Rules of Evidence Rule 201 of the Texas Rule of Evidence, asking this Court to take Judicial Notice of all motion, Exhibits, Reporter Records and Clerk's Records that cited to support that Applicant was denied effective assistance of Counsel, There was no agreement - Recommendation in the case, There was no finding of quilt to obtain a Conviction.

In Three points of Error, Applicant complains: 1). he received ineffective assistance of Counsel with regard to his pre-sentence investigation hearing and that 2). He suffered cruel and unusual punishment in violation of the Eighth Amendment where the record reflect that Applicant was sentenced to twenty-five years T.D.C., But was Eligible for probation and 3) the Trial Court erred in accepting letter containing unsworn victim impact Statement requesting the Applicant be given a life sentence without parole, prior to sentencing.

2.

# Ground for Relief

**Ground one:**

Applicant Received ineffective assistance counsel at his Pre-Sentence investigation hearing where counsel 1). failed to object to unsworn victim impact statement entered into evidence before sentencing and 2). failed to object to the ~~twenty~~-five year sentence as cruel and unusual punishment in violation of the Eighth Amendment where the record reflects the Applicant was Eligible for Probation.

**Ground two:**

Applicant Received cruel and unusual punishment where the record reflect that He received twenty-five years in T.D.C But was Eligible for Probation.

**Ground three:**

The Trial Court erred in accepting letter from the state containing unsworn victim statement Requesting a life sentence with out parole, prior to Sentencing.

3.

## Statement of the Case

This Appeal lies from the Applicant conviction for Aggravated Sexual Assault of a child 14 years of age. In three points of ERROR, Applicant complains 1). He received ineffective Assistance of counsel with regard to his Presentence investigation hearing. 2). That He suffer "cruel and unusual punishment" in violation of the Eighth Amendment where the record reflects the Applicant was sentenced to twenty-five years T.D.C But was Eligible for probation. 3). The Trial Court Erred in accepting letter containing unsworn victim impact statement requesting the Applicant be given A life sentence without parole, prior to sentencing.

## Statement of the Facts

The Clerk's record reflect that on May 9, 2013. A pre-sentencing investigation hearing was held in Cause No. 1364440. The State of Texas vs. Stevie Wyre (C.R.II-1) The record reflects the Applicant pled guilty to the offense of Aggravated Sexual Assault of a child 14 years of age. There was no Agreed recommendation in the case. There was no finding of guilt and the case was set for A pre-sentencing investigation hearing (C.R.II-3).

Prior to the pre-sentencing investigation hearing the record reflects that the Applicant Agreed that there was no guarantee that he would get probation (C.R.II-4) The record reflects that the Applicant would get probation or the least amount five years and that the Court has full range of punishment five to life. C.R.II-4). The record reflects that he agreed that if the Court decided that He deserved probation deferred, the Court could do what if the Court desired (C.R.II-4) The record reflects that the Applicant still want to persist in his pled and did not want a trial C.R.II-4).

4.

The First witness called by State was Karen Parker (C.R. II-5) Ms. Parker is Employed with the Department of Family and Protective Services (C.R. II-5) Ms. Parker become involved in the case on December 5, 2012 and met with the children individually parents and with Mr. Wyre the Applicant where he was incarcerated (C.R. II-6) Ms. Parker stated that the children have alot of fear in them and have a hard time disclosing and talking about the abuse but it's slowly coming out (C.R. II-6) Ms. Parker stated that one of the children, Anabel told her she did not want to celebrate her birthday because the Applicant rape her on her birthday (C.R. II-7) Ms. Parker met the Applicant two time in the Jail on San Jacinto to explain to him what a family plan of service is and to see if he was interested in working with the service (C.R. II-7,8).

Ms. Parker did it Because the Applicant children love him (C.R. II-8). At this time Defense object to any statement made by Applicant because the Applicant had pled guilty (C.R. II-8) the Objection was overruled (C.R. II-8) Ms. Parker stated that the Applicant was somber and paranoid and would not sign the family plan of service at the time (C.R. II-8) on second visit the Applicant advised Ms Parker that she told him that if he signed the family plan of service, he would be able to get out of the Jail (C.R. II-9).

Ms. Parker said she never promised that and had no power or authority to make any statement such as that (C.R. II-9) Ms. Parker stated that the Applicant was agitated, and indicated that his Attorney said he shouldn't speak to her (C.R. II-9) Ms. Parker stated that she would be the caseworker for the girls and they were in a safe environment (C.R. II-10). Ms. Parker was excused (C.R. II-10).

The Court Noted that the State had provided the Court with some letters (C.R. II-10) The State Agreed that the State had provided the Court with some letters, which had been tendered to the Defense (C.R. II-10) the Defense had no objection to the letter being admitted in to the PSI report C.R. II-10). The State rested and Defense called the Applicant, Stevie Wyre to the stand (C.R. III-3).

5.

Mr. Wyre the Applicant stated that he never been convicted in this state or any other state of a felony offense (C.R. III-3) He indicated that he never been placed on felony adult probation in this state or any other state in the United State (C.R. III-3,4) Mr. Wyre agreed that he pled guilty to an offense because he was guilty and he was coming to the Court for punishment and asking the Court for mercy (C.R. III-4) He agreed that he would be able to work and support his dependent and follow the Court's Rules (C.R III-4.)

Mr. Wyre indicated that he was able to report once a month and was working doing sandblasting, working as a painter and making approx $2500°° a month (C.R. III-4,5) Mr. Wyre stated that he has ten dependent five of them are teenagers and the rest are little kids (C.R. III-5) He stated he had six natural children and the complainant were not his children (C.R. III-5) He stated that if he was given a second chance He would be a better father (C.R. III-5) Mr. Wyre stated that he was forty-two years old C.R. III-5) Mr Wyre agreed that he understood the Judge had the full range of punishment any where from five years to life if the Court did not consider deferred adjudication (C.R. III-6).

Mr. Wyre agreed that if the Judge did not consider deferred adjudication, He was asking her to consider the lower end of punishment (C.R. III-6) Mr. Wyre asked the Court to please give him a chance because He had an 11 month old and 5 year old that need him (C.R. III-6) He indicated that he understood that the Court was going to order him to have no contact and pay child support (C.R. III-6, 7).

On cross, Mr. Wyre agreed that he admitted that he sexually abuse his three stepchildren (C.R. III-9) He agree that he sexually Anabel more than once (C.R. III-9) He agreed that Anabel was 14 years old when he started (C.R. III-10) He agreed that He sexually assault Maribel Gonzales and when she came home he beat her up (C.R. III-10).

In closing the State asked the Court to look at the letter from the children and to consider all of the evidence in the PST Report (C.R. III-12) State's Exhibit 1 the PST report was entered into evidence, prior to sentencing C.R III-12).

Following closing argument the Court found the Applicant guilty and sentenced him to twenty-five in the Texas Department of Correction Institutional Divison (C.R. III-13)

6.

# Argument and Authorities

## Applicant First Ground:

> Applicant received ineffective assistance of Counsel at his Pre-Sentence investigation hearing where counsel 1). failed to object to unsworn victim impact statement entered into Evidence before sentencing and 2). failed to object to the twenty-five year sentence as Cruel and unusual punishment in Violation of the Eighth Amendment, where the record reflects the Applicant was Eligible for probation.

The Strickland test now applies to the punishment phase of a non-capital trial. Hernandez v. State 988 S.W. 2d 770 (Tex. Crim App. 1999 overruling Ex parte Duffy 607 S.W. 2d 507, 516 (Tex. Crim. App. 1980) (establishing test for ineffective assistance of Counsel in the punishment phase of non-capital trial). We now apply the same two-prong Strickland standard of review for ineffective assistance of counsel claims in both the guilt/innocence phase of trial and the punishment phase of Trial. Hernandez v. State 726 S.W. 2d 53, 55 (Tex. Crim. App. 1986).

To show ineffective assistance of Counsel at punishment the Applicant must first demonstrate Counsel's Representation fell below an Objective standard of Reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed 2d 674 1984) McFarland v. State 928 S.W. 2d 482, 500 (Tex. Crim. App. 1996). Counsel's competence is presumed and the Applicant must rebut this presumption by identifying the act or omissions of counsel that are alleged as ineffective and affirmatively prove that they fell below the professional norm of Reasonableness. McFarland 928 S.W. 2d at 500. An ineffectiveness claim cannot be demonstrated by isolating any portion of counsel's representation but is judged on the totality of the Representation. Strickland, 466 U.S. at 688 104 S. Ct. At 2065.

The Supreme Court has held that counsel's deficient performance that resulted in a higher sentence under determinate sentencing guideline constitutes prejudice. Glover v. United State, 531 U.S. 198 (2001)

## Counsel's Representation Fell Below An Objective Standard Reasonableness

Applicant argues that he received ineffective assistance of counsel where counsel: 1) failed to object to unsworn victim impact statement contained within the pre-sentence investigation Report and within letter to the Court that were entered into evidence before sentencing and 2), failed to make an Eighth Amendment Objection thereby waiving Applicant Review, where the Applicant received twenty-five years.

7.

1) Failure to Object to Unsworn Victim Impact Statement Admitted into Evidence Before Sentencing.

In Gifford v. State 980 S.W. 2d 791 (Tex. App-Houston 1st Dist 1998, Pet Ref'd the First Court of Appeals Reversed and Remanded for a new punishment hearing, where counsel for the defense 1). fail to object to unsworn victim impact statement made before Sentencing and 2). did not ask to conduct cross-examination. The Court noted in Gifford: Clearly, Mr. Farrer's Statement having been made before. Punishment was assessed, did not qualify as a statement being made under Article 42.03. It simply failed to meet the guidelines established by that Article. Consequently the trial court should not have allow the statement to occur before the pronouncement of sentence.

In addition Article 37.07 of the Texas Code of Criminal Procedure does not authorize the use of such a statement. Tex Code Proc Ann Art. 37.07 while we recognize that the trial court has broad discretion under Article 37.07 to decide what is relevant to sentencing, we find nothing in the Article to lead us to conclude that legistature intended to allow an unsworn statement at the punishment hearing.

A victim impact statement as authorized by the United State Supreme Court in Payne v. Tennessee 501 U.S. 808, 827, 111 S.Ct. 115 L.Ed 720 (1991) and by the Texas Court of Criminal Appeals in Ford v. State 919 S.W. 2d 107, 114-16 (Tex. Crim. App. 1996) is testimony given under oath and capable of being cross-examined, the statement was inappropriate because it was not sworn nor capable of being cross-examined, counsel should have objected and the trial court should not allow the statement to be given.

With regard to the ineffective assistance of counsel claim the court noted "for trial counsel's failure to object to have been ineffective assistance. Applicant must demonstrate that if he had objected, the trial judge would have committed error in refusing to sustain his objection" Vaugh v. State 888 S.W. 2d 62, 74 (Tex. App-Houston 1st Dist (1994) Aff'd 931 S.W. 2d 564 (Tex. Crim. App. 1996) We believe that if Gifford trial counsel had objected to the victim impact statement the trial court would have erred in overruling the objection Thus Gifford has demonstrated that his trial counsel was ineffective.

8.

The complained of the UNSWORN victim impact statement were contained within the Pre-Sentence Investigation Report and within the letter from the Sister MARISA C; MARIBEL G. And Anabel C; the complaining witness. These UNSWORN statement were entered into evidence before punishment was assessed. The witness were NOT present to testify and therefore were UNAVAILABLE for CROSS-EXAMINATION. At the punishment hearing and before punishment WAS ASSESSED, Ms Parker was excused and the State agreed that the State had provided the Court with some letters which had been tendered to the Defense (C.R. II-10) The Defense had NO Objection to the letters being Admitted to the PSI report (CR II-10)

State's Exhibit 1, the PSI report was entered into evidence prior to Sentencing (C.R. III-12).

The letters from MARISA C; MARIBEL G; And the complaining witness Anabel C; Appear IN Court Reporter's Volume IV page 34 through 39 and reflect their views About the offense, the defendant And the effect of the offense on the victim. The letter sign by MARISA C; stated that the stress is overwhelming "She feel like her friend will began to Judge her and She Request that the Applicant be Sentenced to life IN prison without parole (C.R. IV-35) The letter signed by MARIBEL G; stated that she hope that the Applicant WAS given enough time to truly change (CR IV-36) The letter sign by Anabel State the Applicant should go to prison And Stay there for life (C.R. IV-37)

Defense failed to object to the Admission under Article 42.03 Sec 1(b) of the Texas Code of Criminal Procedure. The Texas Code of Criminal Procedure Authorizes A Court to Receive victim impact statement Tex Code Crim. Proc. ANN. Art. 42.03 Sec 1(b) Vernon Supp 2013) But As below, the legislature has severely limited the use And impact of the statement by requiring that it be made After punishment has been Assessed:

(b) the Court shall permit A victim, close Relative of a deceased victim, or guardian of a victim As defined by Article 56.01 of this Code to Appear IN person to present to the Court And to the defendant A statement of the person's views About the offense the defendant And the effect of the offense on the victim. Relative or guardian may not direct question to the defendant while making the statement, the court Reporter may not transcribe the statement. The statement must be made:

1). After punishment has been Assessed And the Court has determined whether or not to grant Community Supervision IN the case

2). After the Court has Announced the term and condition of the Sentence.

3). After SENTENCE is pronounced.

9.

The complained of the unsworn victim impact statement contained within the letter were entered into evidence:

1). Before punishment was assessed

2). Before the court announced the terms and condition of the sentence.

3). Before sentence was pronounced.

Clearly, these unsworn victim impact statement, did not qualify as admissible statement under Article 42.03. Defense counsel should have objected to the State's introduction of the letters containing unsworn victim impact statement into evidence. Counsel failure to object to a victim impact statement made before sentencing has been held to be ineffective assistance of counsel and reversible error. Gifford v. State 980 S.W. 2d 791 (Tex. App – Houston 1st Dist 1998 pet. Ref'd). Johnson v. State 286 S.W. 3d. 346 (Tex. Crim. App. 2009). Judge had no discretion to impose jail time as a condition of probation after Judge heard unsworn and un-cross-examined victim allocution including statement that victim wanted defendant to go to Jail.

## 2. Failure to Object to the 25 year Sentence as Cruel and Unusual Punishment

Defense Counsel failed to object to the Applicant's sentence 25 years in prison for aggravated sexual assault of a child under 14 as cruel and unusual punishment under the Eighth Amendment, failure to raise an Eighth Amendment objection at trial prevent making any such claim on appeal (Tex. R. App 33.1(a) Curry v. State 910 S.W. 2d 490, 497 (Tex. Crim. App. 1995) Failure to preserve error has been held to ineffective assistance of counsel. Montez v. State 824 S.W. 2d 308 (Tex. App. – San Antonio 1992 no pet.)

Applicant argues that ineffective assistance of counsel in his case is equivalent of denial of counsel and that he should be grant another PSI hearing.

The benchmark for Judging a claim of ineffective assistance is whether counsel's conduct so undermined the proper functioning of the adversarial process that a trial could not be relied on as having produced a just result.

10.

Strickland v. Washington 466 U.S. 668 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984) To establish ineffective Assistance of Counsel At the guilt/innocence stage of trial the Applicant must show that 1). his counsel's performance was deficient Counsel's error were so serious that he was not functioning As the "Counsel" guaranteed by the Sixth Amendment and 2). the deficient performance prejudiced the defense, deprived him of A fair Trial At 687) Hernandez v. State 726 S.W. 2d 53,55 (Tex. Crim. App. 1986).

These ERROR demonstrate 1). that Applicant's Counsel performance was undeniably deficient Counsel's error were so serious that he was not functioning As the "Counsel" guaranteed by the Sixth Amendment and 2). the deficient performance prejudiced the defense deprived him of A fair hearing At 687) Hernandez v. State 726 S.W. 2d 53,55 (Tex. Crim. App 1986).

The undersigned Counsel can think of no strategy for 1). failing to object to letters containing unsworn victim impact statement Request a life sentence prior to punishment being Assessed and 2). failing to object to the twenty-five year sentence in order to preserve the matter for Applicant's review. United State v. Cronic 466 U.S. 648 (1984) Burdine v. Johnson 262 F.3d 336 (5th Cir 2001) cert denied, 535 U.S. 1120 (2002).

Applicant must show not only that his Attorney failed to provide Reasonably professional Assistance but that Applicant was thereby harmed by Counsel's failure (Strickland v. Washington supra. The Standard for Reversible error is whether, Judging from the record As a whole, there is a reasonable probability that, but for Counsel's unprofessional error the Result of the proceeding would have been different. (Strickland v. Washington supra). In analyzing the harm to Applicant, this Court should presumed that the Trial Court and Jury would have Acted According to the law. (Strickland v. Washington supra). Applicant would Noted that in showing harm, He is not required to show that had, He Received Reasonably professional Representation, then more likely than not A different outcome would have Resulted. Nix v. Whiteside 475 U.S. 157, 106 S.Ct. 988, 89 L. Ed. 2d. 123 (1983).

Applicant Received ineffective Assistance of Counsel At his Pre-sentence Investigation Hearing.

This Court should Reverse Applicant's Conviction And Remand the case for further proceedings (Tex. R. App. P. 43. 2(d) Vernon Pamp 2013); (Tex. R. App. P. 44. 2(A) Vernon Pamp 2013); Tibbs v Florida 457 U.S. 31, 102 S. Ct 2211, 72 L. Ed. 2d 653 (1982) Meraz v. State 785 S.W. 2d 146 (Tex. Crim. App 1990).

II.

# Applicant Second Ground:

> Applicant received cruel and unusual punishment where the record reflects that he received twenty-five years T.D.C, But was Eligible for probation

Applicant is aware that failure to raise an Eighth Amendment objection at Trial prevent making any such claim on appeal (Tex. R. App. 33.1 (a) Curry v. State 910 S.W. 2d 490, 497 (Tex. Crim App. 1995).

The Texas Rules of Evidence provide that in a criminal case, Nothing in the Rule precludes taking notice of fundametal error affecting substantial right although they were not brought to the attention of the court Tex Rule Crim. Evid 103 (d).

Applicant contend that his sentence is disproportionate to the offense for which He was charged and violates the Eighth Amendment to the United State Constitution prohibiting cruel and unusual punishment, where the record reflects that He received a twenty-five year prison sentence from the court. Applicant contend that there is evidence in the record, as required by Solem v. Helm 463 U.S. 277 (1983), Reflecting sentences imposed on similar offense in Texas or other Jurisdictions. Solem v. Helm 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed 2d 637 (1983).

The record reflects that Mr. Wyre the Applicant has never been convicted in this state or any other state of a felony offense (C.R. III-3). He indicated that He had never been placed on felony adult probation in this state or any other state in the United State (C.R. III-3, 4) Mr. Wyre agree that he pled guilty to an offense because he was guilty and that He was coming to the court for punishment and asking the court for mercy. (C.R. III-4) He agreed that he would be able to work and support his dependent and follow the Court's Rules C.R. III-4).

Mr. Wyre indicated that He was able to report once a month and was working doing sandblasting working as a painter and making approximately $2500.00 a month (C.R. III-4, 5) Mr. Wyre stated that He has ten dependent, five of them are teenager and the rest are little kids (C.R. III-5) Mr. Wyre stated that He has six natural children and the complainant were not his children (C.R. III-5) He stated that if He was given a second chance He would be a better father (C.R. III-5) Mr. Wyre stated that he was 42 years old (C.R. III-5)

12.

The Record Reflects that Mr. Wyre was Eligible for Probation and filed a Motion for Probation with the Court prior to the PSI hearing (Ts. 1-26)

Applicant contends that a twenty-five year sentence is grossly disproportionate to the crime in light of the fact that he has no prior felony conviction and has never been granted Adult probation in this or any other state in the United State. The fact that the Applicant was eligible for probation indicates that other Accused of the same offense, have been granted probation thus Reflecting sentences imposed on similar offense in Texas or other Jurisdiction. Solem V. Helm 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed. 2d 637 (1983)

This Court should Reverse Applicant's conviction and remand the case for further proceedings (Tex R. App. P. 43.2(d) Vernon Pamph 2013) (Tex. R. App. P. 44.2(a) Vernon Pamph 2013) Tibbs V. Florida 457 U.S. 31, 102 S.Ct 2211, 72 L.Ed. 2d 1053 (1982) Meraz V. State 785 S.W. 2d 146 Tex. Crim. App. 1990)

Applicant Third Ground:

The Trial Court erred in accepting letter from State containing unsworn victim impact Statement Requesting a life Sentence without Parole, prior to Sentencing

In Johnson V. State 286 S.W. 3d 346 (Tex. Crim. App. 2009) the Court of Criminal Appeals reversed and remanded holding, that a Judge has no discretion to impose Jail time as a condition of probation after Judge heard unsworn and un-cross-examined victim allocution, including Statement that victim wanted defendant to go to Jail. The Court noted that the purpose of Article 42.03 Sec 1(b) Tex Code Crim Procedure is to protect the trial Judge from any implicit or explicit accusation that He could be or would be influenced by the Victim Allocution statement. It is the appearance of possible influence as much as the possible fact of influence that the status guards against.

Applicant's First Ground of Error, the Defense Counsel failed to object to the introduction of the unsworn victim impact statement that were entered in to evidence before Sentencing and thereby failed to preserve error on appeal. The Texas Rules of Evidence provide that in a Criminal Case nothing in the Rules precludes taking notice of fundametal errors affecting Substantial Right Although they were not brought to the attention of the Court Tex. Rule Criminal Evidence 103(d).

The Complained of the unsworn victim impact statements were contained within the Pre-Sentence Investigation Report within the letters from the Sister Marisa C; Maribel G; and the complaining witness, Anabel C; these unsworn statement were entered into evidence before punishment was assessed. The witness were not present to testify and therefore were unavailable for cross-examination at the punishment hearing and before punishment was assessed, Ms. Parker was excused and the State agreed that the State had provide the Court with some letters, which had been tendered to the Defense Counsel (C.R. II-10).

14.

The Defense Counsel had no objections to the letter being admitted to the PSI report C.R. II-10).

State's Exhibit 1, the PSI report was entered into evidence, prior to sentencing C.R. III-12).

The letters from Marisa C; Maribel G; and the complaining witness Anabel C; appear in Court Reports Volume IV pages 34 through 39 and reflect their view about the offense, the defendant and the effect of the offense on the victim. The letter signed by Marisa C; stated that the stress is overwheling, she feel like her friend will begin to judge her and she request that the Applicant be sentence to life in prison without parole (C.R. IV-35). The letter signed by Maribel G; stated that she hope that the Applicant was give enough time to truly change (C.R. IV-36) the letter signed by Anabel stated that the Applicant should go to prison and stay there for life (C.R. IV-37).

Applicant contends that the error was not harmless in this case. The record reflects that the Applicant was eligible for probation (C.R. III-3, 4) but was sentenced to twenty-five years T.D.C., After the victim impact statement requesting a life sentence were entered into evidence (C.R. III-13) The pertinent statute is both clear and explicit: Article 42.03 Requires that the victim statement be read after the sentence has been imposed and after the Court has announced the terms and conditions of the sentence (Tex. Code Crim Proc Ann Art. 42.03 Sec. 1(b) Vernon Supp. 2013).

Applicant requests that this Court reverse the Trial Court's judgment and render the judgment that the Trial Court should have rendered: Applicant requests that the Court suspend a finding of guilt and place him on deferred adjudication probation. If the Applicant is not a perfect probationer the Trial Court may always amend the conditions of community service, to include jail time. As long as the condition is not inextricably connected to the victim's statement asking for prison time. Johnson v. State 286 S.W. 3d 346 (Tex. Crim App 2009).

This Court should reverse Applicant conviction and rendered the judgment that the Trial Court should have rendered: (Tex. R. App. P. 43.2 (c) Vernon Pamph 2013); (Tex. R. App. P. 44.2 (a) Vernon Pamph 2013) Tibbs v. Florida 457 U.S. 31 102 S.Ct. 2211, 72 L. Ed. 2d. 653 (1982) Meraz v. State 785 S.W. 2d 146 Tex. Crim. App. 1990).

15.

## Prayer for Relief

Wherefore Premises Considered Applicant prays this Honorable Court to consider each and every points of errors raised herein, to Reverse Applicant's conviction and to order a Judgement of Acquittal as the law and Justice demand under the Tex. Crim. App. P. 44.29(b)

Respectfully Submitted
Stevie Wyre #1858012
Eastham Unit
2665 Prison Rd. #1
Lovelady, Texas 75851
Pro-Se

## Certificate of Service

I, certify that the Original Application for Memorandum is Support of Application for writ of Habeas Corpus have been mail to the office of Chris Daniel Clerk District of Harris County P.O. Box 4651 Houston, Texas on the 11 day of December 2015

Stevie Wyre #1858012
Stevie Wyre #1858012
12/11/15
CC/SW

16.

IN THE
Court of Criminal Appeals
Austin Texas
CAUSE NO. WR-83,236-03

Ex Parte

Stevie Wyre

IN the 179th District
Court of Harris County
Houston Texas
Cause NO. 1364440-B

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 21 2015

Abel Acosta, Clerk

Applicant's General Traverse
Reply to the States
Response

To the Honorable Judge of said Court:

Now Comes, Stevie Wyre, Applicant in the Above Cause And filed this general Traverse denial of the States Assertion to Article 11.07 of Section 3(C) of the Texas Code of Criminal Procedure urging that the Court find that there is no Necessity for a hearing on any of Applicant Allegation.

I.

Ground One:

Applicant Received ineffective Assistance of Counsel at his Pre-sentence investigation hearing where Counsel 1). failed to object to UNSWORN Victim impact Statement entered into evidence before sentencing and 2). failed to object to the twenty-five year sentence as Cruel and unusual punishment in Violation of the Eighth Amendment, where the Record Reflects the Applicant was Eligible for probation.

1.

Ground two:

Applicant received cruel and unusual punishment where the record reflects that he received twenty-five years T.D.C., But was eligible for probation.

Ground three:

The Trial Court erred in accepting letters from the State containing unsworn victim impact statement requesting a life sentence without parole, prior to sentencing.

## II.

Applicant would assert that the State have failed to address his Motion filed in the Trial Court:

1. That Applicant be appointed Counsel to represent his claims

2. That A Evidentiary Hearing be conducted to determine the fact of Applicant's Allegation.

3. Applicant's Motion requesting Leave to file Motion for New Trial to set Aside a Sentence Based On the Law Plea of Actual Innocence and Ineffective Assistance of Counsel Claims Rule 21 Texas Rule of Appellate Procedure.

4. Applicant's Motion to Take Judicial Notice of Fact to place the facts before the Court in a Hearing that had not been Conducted.

None of these Motion have been ruled on through the Trial Court and be considered before the issues are forward to the Texas Court of Criminal Appeals.

2.

## III.

Applicant's Traverse Reply is a common law pleading that denies the opposing party allegation of fact, which all of Applicant's Allegation should proceed forward because the States assertion are with out merits and have no sufficient knowledge or information to form a belief concerning them.

Wherefore Premise Considered, Applicant prays that this Honorable Court Consider the merits of his claims filed in Applicant's 11.07 Application for Relief in the above cause and all things Considered.

Respectfully Submitted
Stevie Wyre #1858012
Eastham Unit
2665 Prison Rd. #1
Lovelady, Texas 75851
Pro-se

## Certificate of Service

I, Stevie Wyre, certify that a true and correct copy of the foregoing was served to the Harris County District Clerk Office in accordence with the Texas Rule of Criminal Procedure on this 4th day of November 2015

Stevie Wyre #1858012
Stevie Wyre #1858012
11/4/15

3.

IN The
Court of Criminal Appeals
Austin Texas
Cause NO. WR-83,230-03

Ex parte

Stevie Wyre

in the 179th District
Court of Harris County
Houston, Texas
Cause NO. 1364440-B

Applicant's Request for Leave
to file Motion that Trial Court
take Judicial Notice of Adjudicative
Fact, Rule 201 Tex. R. of Evid.

To The Honorable Judge of said Court:

Applicant, Stevie Wyre move this Honorable Court to Grant Applicant's Request for Leave that Trial Court take Judicial Notice of Adjudicative fact, Rule 201 of the Texas Rule of Evidence This Rule govern only Judicial Notice of Adjudicative Facts:

1). A Judge have the Authority to take Adjudicative Notice of facts, if Requested by a party and supplied with the necessary information is mandatory.

2). A Judicially Notice facts must be one, not subject to Reasonable dispute in that it is Either 1). generally Known within the territorial jurisdiction of the Trial Court OR 2). capable of Accurate and Ready determination by Resort to Sources whose Accuracy cannot Reasonably be questioned.

3). A party is Entitled upon timely Request to an opportunity to be heard as the propriety of taking Judicial Notice And the tenor of the matter Noticed. In the Absence of Prior Notification, the Request may be made After Judicial Notice has been taken.

4). Judicial Notice may be taken At any time or stage of the proceeding.

1.

5). Applicant hereby Request that the Court, Take Judicial Notice of the 179th District Court, Clerk of Harris County Texas (Records) pretaining to Cause No. 1364440-B And hereby designates and specifies the following matter for inclusion in said Records:

1). Index;
2. Indictment
3. All written motion and plea agreement filed, signed in this Court from the date of indictment to this date by defendant;
4. Motion for Discovery of facts;
5. All written motion by the State and Applicant;
6. All docket Entries made in this Cause by any Judge Presiding;
7. All Court Order herein
8. Defendant's written Notice of Appeal;
9. All Recommendation by the Courts;
10. Request for Report's transcription of Notes;
11. Clerk's Records;
12. Reporter's Records;

2.

_Wherefore, Premises Considered, Applicant PRAYS the Court GRANT his Request to take Judicial Notice of facts designated in cause NO. 1364440-B of the 179th District Court of HARRIS County, Texas._

Respectfully Submitted

Stevie Wyre #1858012
Eastham Unit
2665 Prison Rd. #1
Lovelady Texas 75851
PRO-Se

## Certificate of Service

I, Stevie Wyre certify that a true and correct copy of the foregoing was served upon the 179th District Court of Harris County, Clerk's Office in Accordeance with the Texas Rule of Criminal Procedure on this 4th day of November 2015

Stevie Wyre #1858012
Stevie Wyre #1858012

3.

IN THE
Court of Criminal Appeals
Austin, Texas
WR-83,236-03

Ex parte

Stevie Wyre

IN the 179th District
Court of Harris County
Houston, Texas
Cause NO. 1364440-B

Order On Motion to
Take Judicial Notice

On this 4th day of November 2015 came on to be considered the Applicant's Motion for Leave to Take Judicial Notice of facts and the Court is of the Opinion that the Motion should be;

Grant ___

Denied ___

_____
presiding Judge
day of _____